IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RODERICK JACKSON                                                    PLAINTIFF

           v.                    Civil No. 5:24-cv-05005-TLB-CDC

WALMART, INC.                                                      DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Roderick Jackson ("Jackson"), filed this action alleging civil rights violations. Jackson proceeds *pro se* and has applied to proceed *in forma pauperis* ("IFP").   (ECF No. 3). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.   The case is before the Court for preservice screening of the Amended Complaint (ECF No. 7) under 28 U.S.C. § 1915(e)(2).

## I.       BACKGROUND

Jackson filed his original Complaint on January 8, 2024.   (ECF No. 1).   Upon review of his Complaint, it was determined that he failed to properly complete the civil complaint form making it difficult, if not impossible, for the Court to determine the jurisdictional, legal, and factual basis of for his allegation of "civil rights violations based on color."   For this reason, Jackson was ordered to file an Amended Complaint by February 14, 2024.   (ECF No. 6).   Jackson timely filed his Amended Complaint on February 9, 2024.   (ECF No. 7).   Jackson's IFP application was incomplete, and he was directed to submit a completed IFP by March 6, 2024.   (ECF No. 8). Jackson failed to submit the IFP application, and a Show Cause Order was entered on March 11,

2024, giving Jackson until April 1, 2024.   (ECF No. 9).   The Court notes, however, that Jackson submitted complete IFP applications in his other three cases on March 18, 2024, and was granted IFP status in each case.   This leads the Court to believe his failure to submit his completed IFP in this case was a mere oversight, and thus will proceed with screening the Amended Complaint.

As the basis for jurisdiction, Jackson indicates the Court has federal question jurisdiction. (ECF No. 7 at 3).   Jackson cites the Court to the "Civil Rights Act of 1964, U.S. 88-352, 78 Stat. 241." *Id.*

In his statement of the claim, Jackson says: "Violation of civil rights occurred at Wal-Mart which le[]d to fu[r]ther incidents and caused many harm and sufferings."   (ECF No. 7 at 4).   As relief, Jackson asks for $100 million, a "grant from incident which included further incident" and that Wal-Mart be required to pay his Court fees.

Jackson has several other cases pending against Wal-Mart.   *See e.g., Jackson v. Walmart, Inc.,* Civil No. 5:24-cv-05004 (allegation that he was falsely accused of shop lifting at an Omaha, Nebraska, Wal-Mart store on March 13, 2021).   In his original Complaint filed in this case, Jackson alleged the civil rights violation occurred on March 13, 2021, at a Wal-Mart store in Omaha, Nebraska.   (ECF No. 1 at 2).   Presumably, the cases are referring to the same incident.[1]

As noted, Jackson's statement of his claim in his Amended Complaint is slightly different from that articulated in the original Complaint.   Rather than direct Plaintiff to submit a second amended complaint, this Court construes Jackson's claims by reading the original Complaint and

---

[1] Jackson first filed suit against Wal-Mart on September 29, 2021.   *Jackson v. Wal-Mart, Inc.,* Civil No. 5:21-cv-05066.   The Amended Complaint alleged a loss prevention employee of Wal-Mart engaged in racial profiling which led to Jackson being accused of a crime and arrested on March 13, 2021.   (ECF No. 4 at 4).   The case was dismissed for improper service on September 29, 2021.   (ECF No. 18 at 2).

the Amended Complaint together. *See Kirr v. North Dakota Public Health*, 651 F. App'x 567, 568 (8th Cir. 2016) (concluding that pro se plaintiff's original complaint and two amendments "should have been read together" as constituting his complaint); *Cooper v. Schriro*, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (pro se complaint must be liberally construed and plaintiff clearly intended for amended complaint to be read together with original complaint).

## II.    APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B)(i-iii).

A claim is frivolous if "it lacks an arguable basis either in law or fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.   *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

III.    DISCUSSION

The claims asserted in the Amended Complaint are subject to dismissal.   Jackson indicates the Court has federal question jurisdiction pursuant to the Civil Rights Act of 1964 which enacted Title VII.   *McDonnel Douglas Corp. v. Green,* 411 U.S. 792 (1973).   Title VII, 42 U.S.C. §2000e *et seq.,* as amended, "prohibits employment discrimination on the basis of race, color, religion, sex, or national origin."   *Ricci v. DeStefano,* 557 U.S. 557, 577 (2009).   It protects against intentional discrimination and "practices that are not intended to discriminate but in fact have a disproportionately adverse effect on minorities."   *Id.*   Under Title VII, a plaintiff "shall" file an employment discrimination charge with the Equal Employment Opportunity Commission ("EEOC") within one hundred and eighty days after an "alleged unlawful employment practice occurred."   42 U.S.C. § 2000e-5(e)(1).

Here, Jackson has not alleged that an employment relationship existed or that he filed a charge with the EEOC and obtained a notice of right to sue.   No plausible Title VII claim is stated against Wal-Mart.

Second, no plausible claim is stated under 42 U.S.C. § 1981.   Section 1981 protects against discrimination based on color.   42 U.S.C. § 1981.   Specifically, § 1981(a) provides that:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and extractions of every king, and to no other.

42 U.S.C. § 1981(a).   The term make and enforce contracts is defined as including "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the relationship."   42 U.S.C. § 1981(b).   The section protects "against impairment by nongovernmental discrimination and impairment under color of State law."   42 U.S.C. § 1981(c).

The elements of a § 1981 cause of action are: "(1) membership in a protected class, (2) discriminatory intent on the part of the defendant, (3) engagement in a protected activity, and (4) interference with that activity by the defendant."   *Gregory v. Dillard's Inc.,* 565 F.3d 464, 469 (8th Cir. 2009).   To establish the third element, engagement in a protected activity, "a plaintiff alleging interference with the creation of a contractual relationship in the retail context must demonstrate that he or she 'actively sought to enter into a contract with the retailer,' and made a 'tangible attempt to contract.'"   *Id.* at 470 (quoting *Green v. Dillard's Inc.,* 483 F.3d 533, 538 (8th Cir. 2007)).   The fourth element, unlawful interference by a merchant, requires a plaintiff to "show that the retailer 'thwarted' the shopper's attempt to make a contract."   *Gregory,* 565 F.3d at 471 (citing *Green,* 483 F.3d at 539)).

In *Gregory v. Dillard's Inc.,* 565 F.3d 464 (8th Cir. 2009), African American department store patrons sued alleging race discrimination in the provision of goods and services. The Eighth Circuit first noted that § 1981 did not provide "'a general cause of action for race discrimination'" rather the "statute's focus [was] on contractual obligations."   *Id.* at 468 (quoting *Youngblood v. Hy-Vee Food Stores, Inc.,* 266 F.3d 851, 855 (8th Cir. 2001)).   Initially, a plaintiff must identify the impaired contractual relationship or the acts that blocked the creation of a contractual relationship.   *Gregory,* 565 F.3d at 468-69 (citing *Domino's Pizza, Inc. v. McDonald,*

546 U.S. 470, 477 (2006)).   The Eighth Circuit in *Gregory* concluded that "discriminatory surveillance by a retailer is insufficient to establish interference with protected activity under § 1981."   *Id.*

In *Youngblood,* the Plaintiff, an African American, alleged Hy-Vee violated his rights "under 42 U.S.C. §§ 1981 and 1983 and also subjected him to malicious prosecution and false imprisonment when they detained him on suspicion of shoplifting and had him arrested and pressed charges against him."   *Youngblood,* 266 F.3d at 853.   Youngblood entered the store and purchased a can of beef jerky.   However, a store employee observed Youngblood engaging in a suspicious manner by placing a second canister of beef jerky under his shirt.   *Id.*   The store employee checked the second canister that Youngblood had returned to the shelf and found most of its contents missing.   *Id.*   As Youngblood was headed towards the exit, the employee stopped Youngblood, asked for his receipt, and opened the canister that Youngblood had purchased and "observed it was 'crammed full' of beef jerky."   *Id.*   Youngblood was taken to an upstairs office and remained there for approximately twenty minutes until the police arrived.   *Id.* at 853-54.

The Eighth Circuit first concluded that no contractual relationship existed once Youngblood had completed his purchase.   *Youngblood,* 266 F.3d at 854.   The Court concluded the nature of Youngblood's claim was in tort in a state law claim for conversion.   *Id.* at 855.   The Court also concluded that no claim was stated under § 1981'a full and equal benefits clause because no state action was involved.   *Id.*   With respect to any possible claim under § 1983, the Eighth Circuit held that Hy-Vee did not act under color of law and that reliance on a statute which authorized merchants to detain suspected shoplifters in a reasonable manner and for a reasonable

time to investigate whether there had been shoplifting did not make it a state actor.   *Youngblood,*
266 F.3d at 855.

Here, no plausible claims are stated under Title VII or §§ 1981 and 1983.   To the extent
Plaintiff's Amended Complaint can be read to be asserting state law claims, the Court should
decline to exercise jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) as all claims over which the
Court would have original jurisdiction are being dismissed.

## IV.   CONCLUSION

For these reasons, it is recommended that:

- All federal claims be **DISMISSED** for failure to state a claim under 28 U.S.C. §
  1915(e)(2) and for lack of jurisdiction;

- The Court decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. §
  1367(c)(3).

**Status of Referral:   The referral terminates upon the filing of this Report and
Recommendation.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation
in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file
timely objections may result in waiver of the right to appeal questions of fact.   The parties
are reminded that objections must be both timely and specific to trigger de novo review by
the district court.**

**RECOMMENDED** this 25th day of March 2024.

*s/ Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

7